Not For Publication

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
|   |   |   |
|---|---|---|
| IN RE: | ) | CASE NO.    08-30980 (LMW) |
|   | ) |   |
| TIMOTHY J. RAFFERTY and | ) | CHAPTER    7 |
| SHARON V. RAFFERTY, | ) |   |
|   | ) | DOC. I.D. NO.    20 |
| DEBTORS. | ) |   |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### APPEARANCES

| | |
|---|---|
| George C. Tzepos, Esq.<br>Law Offices of George C. Tzepos<br>444 Middlebury Road<br>Middlebury, CT 06762 | Attorney for the Debtors |
| Ronald I. Chorches, Esq.<br>Law Offices of Ronald I. Chorches LLC<br>433 Silas Deane Parkway, 2nd Floor<br>Wethersfield, CT 06109 | Chapter 7 Trustee |

### BRIEF MEMORANDUM AND ORDER RE: MOTION FOR RELIEF FROM ORDER

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** on March 31, 2008, the above-captioned debtors (the "Debtors") commenced the instant bankruptcy case by the filing of a chapter 7 petition along with their bankruptcy schedules (*see* Doc. I.D. No. 1, the "Schedules");[1]

**WHEREAS,** the Schedules reflected the following: (1) the Debtors hold a joint ownership in a single family residence located in Beacon Falls, Connecticut (the "Property") (*see* Schedule A -

---

[1] Citations herein to the docket of this case appear in the following form: "Doc. I.D. No. ___."

Real Property) valued at $245,000.00; (2) the Property is encumbered by two mortgages (the "Mortgages") held by HSBC Mortgage Services ("HSBC") (*see* Schedule D - Creditors Holding Secured Claims); (3) the first mortgage (the "First Mortgage") is valued at $256,427.00; and (4) the second mortgage (the "Second Mortgage') is valued at $49,518.00;

**WHEREAS,** on June 30, 2008, the Debtors filed that certain Reaffirmation Agreement (Doc. I.D. No. 16, the "Reaffirmation Agreement") with respect to the Second Mortgage;[2]

**WHEREAS,** the Debtors did not file a reaffirmation agreement with respect to the First Mortgage;

**WHEREAS,** on July 1, 2008, an order (Doc. I.D. No. 17, the "Discharge Order") entered granting the Debtors their chapter 7 discharge and the case was closed on July 15, 2008;

**WHEREAS,** on December 2, 2008, the Debtors filed that certain Motion To Reopen (Doc. I.D. No. 19, the "Motion To Reopen") seeking to reopen this bankruptcy case for the purpose of obtaining a reaffirmation agreement with respect to the First Mortgage or, in the event they are unable to reaffirm the First Mortgage, seeking to rescind the Reaffirmation Agreement;

**WHEREAS,** on December 2, 2008, the Debtors filed that certain Motion for Relief from Order (Doc. I.D. No. 20, the "Motion for Relief") seeking to obtain relief from the Discharge Order for the purpose of entering into a reaffirmation agreement with respect to the First Mortgage;

**WHEREAS,** a hearing (the "Hearing") on the Motion To Reopen and the Motion for Relief was held on December 17, 2008, at which Hearing the attorney for the Debtors appeared;[3]

---

[2] Pursuant to 11 U.S.C. §§ 524(c) and (m), a hearing to approve the Reaffirmation Agreement was not necessary because (1) there was no presumption of undue hardship and (2) the Debtors' attorney filed the requisite "certification."

[3] On December 19, 2008, the court issued an order (Doc I.D. No. 24) granting the Motion To Reopen.

- 2 -

**WHEREAS,** counsel for the Debtors stated that he had attempted to enter into a reaffirmation agreement with respect to the First Mortgage prior to entry of the Discharge Order but had been unable to do so. He further stated that the Debtors subsequently had defaulted on First Mortgage payments which resulted in HSBC's commencing a state court foreclosure action in which it had obtained judgment and a law date in January, 2009. Counsel further stated that HSBC refused to discuss a restructuring of the First Mortgage except in the context of a reaffirmation of the same;

**WHEREAS,** under Bankruptcy Code § 524(c), a reaffirmation agreement is enforceable "only if" (among other things) it is "made" before discharge is granted. *See* 11 U.S.C. § 524(c)(1). *See also In re Engles*, 384 B.R. 593, 594 (Bankr. N.D. Okla. 2008) ("Under the plain language of § 524(c)(1), no agreement made after [the date of discharge] . . . will be enforceable against Debtors as a matter of law."); *In re Edwards*, 236 B.R. 124, 126 (Bankr. D. N.H. 1999) ("Most courts, including this one, conclude that § 524(c)(1) means what it says and therefore, to be enforceable, a reaffirmation agreement must be entered into pre-discharge."). *Accord In re Collins*, 243 B.R. 217 (Bankr. D. Conn. 2000);

**WHEREAS,** despite the clear language of Code § 524(c), the Debtors seek to obtain relief[4] from the Discharge Order in order to enter into a reaffirmation agreement with respect to the First Mortgage;

---

[4] Although the Motion for Relief does not assert a provision under which such relief is sought, the court assumes that the Debtors seek relief under Fed. R. Civ. P. 60(b) (made applicable here by Fed. R. Bankr. P. 9024). Relief under Rule 60(b) is equitable. *See State Bank of Southern Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1078 (10th Cir. 1996) ("Rule 60(b) gives the court a 'grand reservoir of equitable power to do justice in a particular case.'" (*quoting Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963))).

**WHEREAS,** "[d]espite the broad grant of equitable powers [granted by Code § 105(a)], bankruptcy courts cannot use them to defeat clear statutory language, nor to reach results inconsistent with the statutory scheme established by the Code." *In re Reinertson*, 241 B.R. 451, 455 (B.A.P. 9th Cir. 1999). *See also F.D.I.C. v. Colonial Realty Co.*, 966 F.2d 57, 59 (2d Cir. 1992) ("By its very terms, Section 105(a) limits the bankruptcy court's equitable powers, which must and can only be exercised within the confines of the Bankruptcy Code and cannot be used in a manner inconsistent with the commands of the Bankruptcy Code." (citations and internal quotation marks omitted)); *Ray v. City Bank and Trust Co. (In re C-L Cartage Co., Inc.)*, 899 F.2d 1490, 1494 (6th Cir. 1990) ("Bankruptcy courts . . . cannot use equitable principles to disregard unambiguous statutory language.");

**WHEREAS,** because Bankruptcy Code § 524(c) clearly requires that reaffirmation agreements be entered into prior to the entry of discharge, the court concludes that it is precluded from granting relief to reach a result that conflicts with the explicit statutory scheme. *See Rigal v. Fleet Mortgage Corp. (In re Rigal)*, 254 B.R. 145, 148 (Bankr. S.D. Tex. 2000) ("The[] provisions [applicable to reaffirmation agreements] are meaningless if there is the simple expedient of vacating the discharge order and reentering it to allow a Debtor to enter into a reaffirmation agreement.");

**WHEREAS,** numerous courts have reached the foregoing conclusion. *See, e.g., Engles*, 384 B.R. 593 (finding that the court does not have the authority under Rule 60(b)(1) or (6) to vacate a discharge order to permit the debtor to enter into a post-discharge reaffirmation agreement); *In re Wilhelm*, 369 B.R. 882 (Bankr. M.D.N.C. 2007) (finding it improper to vacate a discharge order to allow the debtor to enter into a reaffirmation agreement); *In re Stewart*, 355 B.R. 636 (Bankr. N.D. Ohio 2006) (finding that court could not use its § 105 powers to vacate a discharge order to permit the debtor to enter into a reaffirmation agreement). *But see Edwards*, 236 B.R. 124 (Bankr. D. N.H.

1999) (finding that under "special circumstances" and when two factors "tip very strongly in favor of the moving party," a discharge order may be vacated pursuant to Rule 60(b)(6) to allow the Debtor to enter into an enforceable reaffirmation agreement).[5]

**NOW, THEREFORE**, it is hereby **ORDERED** that, for the foregoing reasons and for the reasons stated on the record at the Hearing, the Motion for Relief is denied.

Dated: December 23, 2008                                     BY THE COURT

Lorraine Murphy Weil
United States Bankruptcy Judge

---

[5] In *Collins*, this court noted the *Edwards* decision but did not decide the issue. *See Collins*, 243 B.R. at 221 n.8.